FILED _____ ENTERED
LODGED _____ RECEIVED

MAY 06 2025 SP

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                      DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SHANNA CARTER-ZANDERS,<br><br>Defendant. | NO. CR24-122-JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Teal Luthy Miller and Special Assistant United States Attorney Jessica M. Ly of the Western District of Washington, and SHANNA CARTER-ZANDERS and CARTER-ZANDERS' attorney Peter Camiel enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1. **The Charges.** Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to the following charges contained in the Indictment.

  a.    Conspiracy to Commit Bank Fraud, as charged in Count 1, in violation of Title 18, United States Code, Sections 1344 and 1349.

Plea Agreement - 1
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    b.    Aggravated Identity Theft, as charged in Count 8, in violation of

2  Title 18, United States Code, Section 1028A(a)(1).

3    By entering these pleas of guilty, Defendant hereby waives all objections to the

4  form of the charging document. Defendant further understands that before entering any

5  guilty plea, Defendant will be placed under oath. Any statement given by Defendant

6  under oath may be used by the United States in a prosecution for perjury or false

7  statement.

8    2.    **Elements of the Offenses.** The elements of the offenses to which

9  Defendant is pleading guilty are as follows:

10    a.    The elements of Conspiracy to Commit Bank Fraud, as charged in

11  Count 1, are as follows:

12    *First*, two or more persons, in some way or manner, agreed to try to

13  accomplish a common and unlawful plan to commit Bank Fraud, as charged in the

14  indictment; and

15    *Second*, the defendant knew the unlawful purpose of the plan and willfully

16  joined in it.

17    b.    The elements of Bank Fraud (the object of the conspiracy) are as

18  follows:

19    *First*, the defendant knowingly carried out a scheme or plan to obtain

20  money or property from the financial institution by making false statements or

21  promises;

22    *Second*, the defendant knew that the statements or promises were false;

23    *Third*, the statements or promises were material; that is, they had a natural

24  tendency to influence, or were capable of influencing, a financial institution to part

25  with money or property;

26    *Fourth*, the defendant acted with the intent to defraud; and

27    *Fifth*, the financial institution was federally chartered or insured.

Plea Agreement - 2
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

c. The elements of Aggravated Identity Theft, as charged in Count 8, are as follows:

*First*, the defendant knowingly transferred, possessed, or used without legal authority a means of identification of another person;

*Second*, the defendant knew that the means of identification belonged to a real person.

*Third*, the defendant did so during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), here, Conspiracy to Commit Bank Fraud in violation of 18 U.S.C. § 1349.

3. **The Penalties.** Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a. For the offense of Conspiracy to Commit Bank Fraud, as charged in Count 1: A maximum term of imprisonment of up to 30 years, a fine of up to $1,000,000.00, a period of supervision following release from prison of up to 5 years, and a mandatory special assessment of $100.00 dollars.

b. For the offense of Aggravated Identity Theft, as charged in Count 8: A mandatory minimum term of imprisonment of 2 years, to be served consecutively to all other sentences; a fine of up to $250,000.00, a period of supervision following release from prison of up to 1 year, and a mandatory special assessment of $100.00 dollars.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements. Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Plea Agreement - 3
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    Defendant understands that as a part of any sentence, in addition to any term of

2  imprisonment and/or fine that is imposed, the Court may order Defendant to pay

3  restitution to any victim of the offense, as required by law.

4    Defendant further understands that the consequences of pleading guilty may

5  include the forfeiture of certain property, either as a part of the sentence imposed by the

6  Court, or as a result of civil judicial or administrative process.

7    Defendant agrees that any monetary penalty the Court imposes, including the

8  special assessment, fine, costs, or restitution, is due and payable immediately and further

9  agrees to submit a completed Financial Disclosure Statement as requested by the United

10  States Attorney's Office.

11    Defendant understands that, if pleading guilty to a felony drug offense, Defendant

12  will become ineligible for certain food stamp and Social Security benefits as directed by

13  Title 21, United States Code, Section 862a.

14    4.    **Immigration Consequences.** Defendant recognizes that pleading guilty

15  may have consequences with respect to Defendant's immigration status if Defendant is

16  not a citizen of the United States. Under federal law, a broad range of crimes are grounds

17  for removal, and some offenses make removal from the United States presumptively

18  mandatory. Removal and other immigration consequences are the subject of a separate

19  proceeding, and Defendant understands that no one, including Defendant's attorney and

20  the Court, can predict with certainty the effect of a guilty plea on immigration status.

21  Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any

22  immigration consequences that Defendant's guilty pleas may entail, even if the

23  consequence is Defendant's mandatory removal from the United States.

24    5.    **Rights Waived by Pleading Guilty.** Defendant understands that by

25  pleading guilty, Defendant knowingly and voluntarily waives the following rights:

26        a.    The right to plead not guilty and to persist in a plea of not guilty;

27        b.    The right to a speedy and public trial before a jury of Defendant's

Plea Agreement - 4
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 peers;

2         c.     The right to the effective assistance of counsel at trial, including, if

3 Defendant could not afford an attorney, the right to have the Court appoint one for

4 Defendant;

5         d.     The right to be presumed innocent until guilt has been established

6 beyond a reasonable doubt at trial;

7         e.     The right to confront and cross-examine witnesses against Defendant

8 at trial;

9         f.     The right to compel or subpoena witnesses to appear on Defendant's

10 behalf at trial;

11         g.     The right to testify or to remain silent at trial, at which trial such

12 silence could not be used against Defendant; and

13         h.     The right to appeal a finding of guilt or any pretrial rulings.

14       6.    **United States Sentencing Guidelines.** Defendant understands and

15 acknowledges that the Court must consider the sentencing range calculated under the

16 United States Sentencing Guidelines and possible departures under the Sentencing

17 Guidelines together with the other factors set forth in Title 18, United States Code,

18 Section 3553(a), including: (1) the nature and circumstances of the offenses; (2) the

19 history and characteristics of Defendant; (3) the need for the sentence to reflect the

20 seriousness of the offenses, to promote respect for the law, and to provide just

21 punishment for the offenses; (4) the need for the sentence to afford adequate deterrence to

22 criminal conduct; (5) the need for the sentence to protect the public from further crimes

23 of Defendant; (6) the need to provide Defendant with educational and vocational training,

24 medical care, or other correctional treatment in the most effective manner; (7) the kinds

25 of sentences available; (8) the need to provide restitution to victims; and (9) the need to

26 avoid unwarranted sentence disparity among defendants involved in similar conduct who

27 have similar records. Accordingly, Defendant understands and acknowledges that:

Plea Agreement - 5
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a. The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

b. After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

7. **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8. **Statement of Facts.** Defendant admits Defendant is guilty of the charged offenses. The parties agree on the following facts:

a. At all relevant times, the Victim Credit Union ("VCU") met the definition of a financial institution under Title 18, United States Code, Section 20, because it was an insured depository institution with deposits insured by the National Credit Union Share Insurance Fund.

b. In or around May 2022, SHANNA CARTER-ZANDERS was introduced to an unindicted co-conspirator. Around this same time, CARTER-ZANDERS agreed with the unindicted co-conspirator that she would accept personally identifiable information ("PII"), fake identification cards, and/or financial instruments supplied by the unindicted co-conspirator in order to impersonate VCU members and commit fraud on and using their accounts. At the time of their agreement, CARTER-ZANDERS understood that the unindicted co-conspirator was working with a VCU employee who was unlawfully providing the

Plea Agreement - 6
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

unindicted co-conspirator with the VCU members' PII and account information. CARTER-ZANDERS admits that she knowingly and willfully joined in this conspiracy to commit bank fraud.

      c.     Beginning in or about May 2022 and continuing through in or about October 2022, within the Western District of Washington, SHANNA CARTER-ZANDERS and other co-conspirators knowingly carried out a scheme or plan to obtain money from the VCU by making false statements or promises as to material matters. CARTER-ZANDERS and the co-conspirators impersonated individual victims who maintained accounts at the VCU and falsely authenticated (or attempted to authenticate) their access to those accounts using PII originating from an employee at the time of the VCU, Aneicia Ford. At all relevant times, CARTER-ZANDERS and the co-conspirators acted with the intent to defraud by falsely representing to the VCU that they were authorized to access funds or credits in the individual victims' accounts, when CARTER-ZANDERS and the co-conspirators knew they lacked any such authorization.

      d.     In particular, on May 17, 2022, at a VCU branch in Tukwila, CARTER-ZANDERS knowingly used without legal authority a means of identification of VCU member C.P. (C.P.'s name) to withdraw $25,000 in cash from C.P.'s VCU account. CARTER-ZANDERS further knew that this means of identification (C.P.'s name) belonged to a real person. CARTER-ZANDERS admits that her actions were committed during and in relation to the conspiracy to commit bank fraud.

      e.     CARTER-ZANDERS expected to receive, and did receive, payment for her participation in the conspiracy and fraudulent scheme.

      f.     CARTER-ZANDERS admits that she fraudulently accessed at least three VCU members' accounts in May 2022 and personally obtained a total of $105,030.60 as proceeds of the conspiracy and fraudulent scheme.

Plea Agreement - 7
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    The parties agree that the Court may consider additional facts contained in the
2    Presentence Report (subject to standard objections by the parties) and/or that may be
3    presented by the United States or Defendant at the time of sentencing, and that the factual
4    statement contained herein is not intended to limit the facts that the parties may present to
5    the Court at the time of sentencing.

6    9.    **Sentencing Factors.** The parties agree that the following Sentencing
7    Guidelines provisions apply to this case:

8            a.    The base offense level is seven, under USSG § 2B1.1(a)(1).

9            b.    An eight-level increase under USSG 2B1.1(b)(1)(E) because the loss
10   exceeds $95,000.00 but is less than $150,000.00.

11   The parties agree they are free to present arguments regarding the applicability of
12   all other provisions of the United States Sentencing Guidelines. Defendant understands,
13   however, that at the time of sentencing, the Court is free to reject these stipulated
14   adjustments, and is further free to apply additional downward or upward adjustments in
15   determining Defendant's Sentencing Guidelines range.

16   10.   **Acceptance of Responsibility.** At sentencing, if the Court concludes
17   Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant
18   to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will
19   make the motion necessary to permit the Court to decrease the total offense level by three
20   levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United
21   States by timely notifying the United States of Defendant's intention to plead guilty,
22   thereby permitting the United States to avoid preparing for trial and permitting the Court
23   to allocate its resources efficiently.

24   11.   **Recommendation Regarding Imprisonment.** Based on the information
25   known to the parties at the time of this Plea Agreement, the parties anticipate that
26   Defendant will be accepted into the Drug Reentry Alternative Model 2 ("DREAM-2")
27   program in the Western District of Washington, under the terms of a DREAM-2 contract

Plea Agreement - 8
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1 (sample attached as Exhibit A), and that Defendant will participate fully in that program.

2 The parties agree that, should Defendant be accepted into DREAM-2, Defendant's

3 sentencing will be held in abeyance while Defendant participates in the program. The

4 United States' sentencing recommendation depends on whether Defendant successfully

5 completes DREAM-2.

6          a.     *Successful completion of DREAM-2*: If, at the time of sentencing,

7 the DREAM District Court Judge, in consultation with the members of the DREAM

8 Executive Review Team, determines that Defendant has successfully completed

9 DREAM-2, under Federal Rule of Criminal Procedure 11(c)(1)(B), the United States will

10 move to dismiss Count 8 (Aggravated Identity Theft) and Defendant will be sentenced on

11 Count 1 (Conspiracy to Commit Bank Fraud) pursuant to the terms of this Plea

12 Agreement. The United States will recommend that the appropriate term of imprisonment

13 to be imposed by the Court at the time of sentencing is time served, followed by a four-

14 year period of supervised release. Defendant understands that this recommendation is not

15 binding on the Court, and the Court may reject the recommendation of the parties and

16 may impose any term of imprisonment up to the statutory maximum penalty authorized

17 by law. Defendant further understands that Defendant cannot withdraw a guilty plea

18 simply because of the sentence imposed by the Court. Except as otherwise provided in

19 this Plea Agreement, the parties are free to present arguments regarding any other aspect

20 of sentencing.

21          b.     *Termination from DREAM-2*: If Defendant is terminated from

22 DREAM-2, voluntarily or involuntarily, Defendant will be sentenced on both Counts 1

23 and 8. The United States will recommend under Federal Rule of Criminal Procedure

24 11(c)(1)(B) that the appropriate term of imprisonment to be imposed by the Court at the

25 time of sentencing is a total term of no more than 40 months (which includes the 2-year

26 mandatory and consecutive sentence to be imposed on Count 8). Defendant is free to

27 make any recommendation permitted by law. Defendant understands that these

Plea Agreement - 9
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

recommendations are not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

12. **Restitution.** Defendant shall make restitution to the Victim Credit Union in the amount of $105,030.60, with credit for any amounts already paid.

a.       The full amount of restitution shall be due and payable immediately on entry of judgment and shall be paid as quickly as possible. If the Court finds that the defendant is unable to make immediate restitution in full and sets a payment schedule as contemplated in 18 U.S.C. § 3664(f), Defendant agrees that the Court's schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Defendant's full and immediately-enforceable financial obligation, including, but not limited to, by pursuing assets that come to light only after the district court finds that Defendant is unable to make immediate restitution.

b.       Defendant agrees to disclose all assets in which Defendant has any interest or over which Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to cooperate fully with the United States' investigation identifying all property in which Defendant has an interest and with the United States' lawful efforts to enforce prompt payment of the financial obligations to be imposed in connection with this prosecution. Defendant's cooperation obligations are: (1) before sentencing, and no more than 30 days after executing this Plea Agreement, truthfully and completely executing a Financial Disclosure Statement provided by the United States Attorney's Office and signed under penalty of perjury regarding Defendant's and Defendant's spouse's financial circumstances and producing

Plea Agreement - 10
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

supporting documentation, including tax returns, as requested; (2) providing updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances; (3) authorizing the United States Attorney's Office to obtain Defendant's credit report before sentencing; (4) providing waivers, consents or releases requested by the U.S. Attorney's Office to access records to verify the financial information; (5) authorizing the U.S. Attorney's Office to inspect and copy all financial documents and information held by the U.S. Probation Office; (6) submitting to an interview regarding Defendant's Financial Statement and supporting documents before sentencing (if requested by the United States Attorney's Office), and fully and truthfully answering questions during such interview; and (7) notifying the United States Attorney's Office before transferring any interest in property owned directly or indirectly by Defendant, including any interest held or owned in any other name, including all forms of business entities and trusts.

       c.     The parties acknowledge that voluntary payment of restitution prior to the adjudication of guilt is a factor the Court considers in determining whether Defendant qualifies for acceptance of responsibility pursuant to USSG § 3E1.1(a).

       13.    **Forfeiture of Assets.** Defendant understands the forfeiture of property is part of the sentence that must be imposed in this case. Defendant agrees to forfeit to the United States immediately all of her right, title, and interest in any property constituting, or derived from, proceeds Defendant obtained directly or indirectly, as the result of the bank-fraud scheme charged in Count 1 of the Indictment. Such property is forfeitable pursuant to Title 18, United States Code, Section 982(a)(2)(A), and includes, but is not limited to a judgment for a sum of money (also known as a forfeiture money judgment) in the amount of $105,030.60, representing the proceeds Defendant obtained from her commission of the bank-fraud scheme charged in Count 1.

      Defendant understands and acknowledges that any property forfeited will be separate and distinct from any restitution that is ordered in this case. The United States

Plea Agreement - 11
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  Attorney's Office (the "USAO") agrees, however, that, if Defendant fully satisfies the

2  restitution obligation set forth in paragraph 12, the United States will credit such

3  restitution payments toward the balance of the forfeiture money judgment.

4          Defendant agrees to fully assist the United States in the forfeiture of the above-

5  described property and to take whatever steps are necessary to pass clear title to the

6  United States, including but not limited to: surrendering title and executing any

7  documents necessary to effect forfeiture; assisting in locating the property; assisting in

8  bringing any property located outside the United States within the jurisdiction of the

9  United States; and taking whatever steps are necessary to ensure that property subject to

10  forfeiture is not sold, disbursed, wasted, hidden, or otherwise made unavailable for

11  forfeiture. Defendant agrees not to file a claim to any such property in any federal

12  forfeiture proceeding, administrative or judicial, which may be or has been initiated.

13  Defendant also agrees she will not assist any party who may file a claim to this property

14  in any federal forfeiture proceeding.

15          The United States reserves its right to proceed against any remaining property not

16  identified in this Plea Agreement, including any property in which Defendant has any

17  interest or control, if said assets constitute or derive from proceeds traceable to the bank-

18  fraud scheme charged in Count 1.

19          14.   **Abandonment of Contraband.** Defendant also agrees that, if any federal

20  law enforcement agency seized any illegal contraband that was in Defendant's direct or

21  indirect control, Defendant consents to the federal administrative disposition, official use,

22  and/or destruction of that contraband.

23          15.   **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement,

24  the United States Attorney's Office for the Western District of Washington agrees not to

25  prosecute Defendant for any additional offenses known to it as of the time of this Plea

26  Agreement based upon evidence in its possession at this time, and that arise out of the

27  conduct giving rise to this investigation, and moves to dismiss the remaining counts in

Plea Agreement - 12
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States Attorney's Office for the Western District of Washington has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and/or (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant and/or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17. **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty pleas required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable). This includes any procedural challenges to the sentence, including any claim that the procedure employed at sentencing violated Defendant's constitutional rights.

Defendant also agrees that, by entering the guilty pleas required by this Plea Agreement, Defendant waives any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation or a claim of prosecutorial misconduct based on facts unknown or not reasonably discoverable prior to entry of the judgment of conviction.

Defendant acknowledges that certain claims, including certain claims for prosecutorial misconduct, will be barred by operation of law by virtue of their guilty plea, independently from this Plea Agreement. This waiver does not preclude Defendant from

bringing an appropriate motion to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to claims not subject to the waiver, above) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19. **Statute of Limitations.** In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, or Defendant withdraws from this Plea Agreement after it has been accepted by the Court, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office; or (3) thirty days following the grant of a motion to withdraw from the Plea Agreement.

//

//

//

Plea Agreement - 15
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

20. **Completeness of Plea Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter. This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 6th day of May, 2025.

_____
SHANNA CARTER-ZANDERS
Defendant

_____
PETER CAMIEL
Attorney for Defendant

_____
AMY JAQUETTE
Assistant United States Attorney

_____
JESSICA M. LY
Special Assistant United States Attorney

Plea Agreement - 16
*United States v. Shanna Carter-Zanders*, CR24-122-JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# EXHIBIT A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CRxx-xxxx RAJ |
| Plaintiff | |
| | ***SAMPLE*** DRUG REENTRY ALTERNATIVE |
| v. | MODEL (DREAM-2) CONTRACT |
| XXXXXXX, | |
| Defendant. | |

## INTRODUCTION

You have been invited by the DREAM-2 Executive Review Team to participate in the DREAM-2 program of the Western District of Washington, at Seattle, a post-plea/pre-adjudication program in which you enter a plea under the terms of a written plea agreement that is held in abeyance while you complete the program.[1]  Contingent upon approval by the Court and your agreement to participate in the program and abide by the governing terms of the program as set forth herein, you may participate in the DREAM-2 program to enable intensive treatment, sanction alternatives, and incentives to address the substance abuse issues that appear to be contributing causes for your criminal conduct.

---

[1] The Executive Review team is presently comprised of the District Court Judge and at least one representative of the U.S. Attorney's Office, the Federal Public Defender's Office, the Criminal Justice Act Panel (the "CJA Attorney Representative"), and the U.S. Probation and Pretrial Services Office. *See* Interagency Agreement, ¶ 3.

DREAM-2 CONTRACT
*Xxxxx,*CRxx-xxxx RAJ - 1

Upon successful completion of the DREAM-2 program, the Government will, as set forth in the plea agreement, recommend a sentence of time served with a period of supervised release to follow. If you are terminated from the program, however, the Government may make the higher sentencing recommendation set forth in the plea agreement.

## DREAM-2 PROGRAM BASICS

Participation is entirely voluntary. Successful completion requires at least 12 months of participation and may require as much as 24 months of participation.

If you agree to participate, your case will be transferred to the DREAM-2 Judicial Officer and to defense counsel and an Assistant U.S. Attorney from the DREAM-2 Executive Review Team. You will be assigned an attorney from the Federal Public Defenders Office or the Criminal Justice Act panel who is a member of the Executive Review Team for the DREAM-2 program. An Assistant United States Attorney who is a member of the Executive Review Team will also be assigned to your case. Both the defense attorney and the Assistant United States Attorneys will work with the DREAM-2 program Probation Officers to provide additional support and encouragement for your hoped for success in the DREAM-2 program.

Thereafter, the Probation Office will arrange for you to make an initial appearance before the DREAM-2 Judicial Officer. The initial hearing before the DREAM-2 Judicial Officer will be conducted in open court, in the presence of the DREAM-2 Executive Review Team and your original defense counsel. At that time, to proceed further, you will be required to execute this DREAM-2 contract and enter a guilty plea to one or more of the criminal charges against you in the case referenced above if you have not already done so, under the terms of a written plea agreement.[2] The Court will make a final determination whether to accept your DREAM-2 contract, your guilty plea(s) and the plea agreement before you can begin participation in the DREAM-2 program. Once each

---

[2] The written plea agreement will be the result of negotiations by your defense counsel with the government and will contain terms acceptable to the government, you, and your defense counsel.

DREAM-2 CONTRACT
*Xxxxx*, CRxx-xxxx RAJ - 2

1  of these documents are executed before the DREAM-2 Judicial Officer and approved by
2  him or her, you will be a participant in the DREAM-2 program.

3       As set forth herein, by entering this agreement and the DREAM-2 program, you
4  agree to comply with the directives of your assigned Probation Officer consistent with
5  your Appearance Bond and the terms of this contract including, but not limited to, an
6  agreement to participate in a drug and alcohol addiction evaluation and in any and all
7  treatment and testing recommended as a result of that evaluation. You also agree to drug
8  and alcohol testing and may also be required to participate in programs designed to
9  address underlying causes of criminal activity. Finally, you must also comply with all
10  conditions of the terms of your post-plea/pre-adjudication written plea agreement.

11       If you successfully complete the DREAM-2 program, then, the Government will
12  make the reduced sentencing recommendation set forth in the plea agreement. But if you
13  are terminated from the program, the Government may make the higher sentencing
14  recommendation set forth in the plea agreement. Either way, you will be sentenced by
15  the Court overseeing the DREAM-2 program based on the guilty plea or pleas previously
16  entered under the written plea agreement. The Court is not bound by the parties'
17  recommendations and may impose any sentence permitted by law, and based on all
18  information available, including your conduct in the DREAM-2 program.

19  **DREAM-2 PROGRAM APPEARANCES**

20       The time spent in DREAM-2 court is divided into stages and varies based on each
21  participant's circumstances and progress. However, from the outset, and at a minimum,
22  you will be required to appear before the DREAM-2 Judicial Officer at least once a
23  month to evaluate your progress. The other members of the Executive Review Team will
24  be present, and treatment and/or other program providers may be present, as deemed
25  appropriate by the Executive Review Team.

26       Progress reports from the Probation Officer will be provided to the Court and all
27  members of the Executive Review Team at least 24 hours before your appearance. These
28

1 reports will describe both successes and problems you have experienced. A copy of the
2 report will be available to you via your attorney.

### DREAM-2 PROGRAM TREATMENT AND COUNSELING PROGRAMS

4 An important part of the DREAM-2 program will be your participation in
5 substance abuse treatment and counseling programs and/or other programs addressing
6 underlying causes of criminal activity as determined to be necessary by the Probation
7 Officer and the other members of the DREAM-2 Executive Review Team. Treatment
8 and other program providers will be expected to share information regarding your
9 participation and progress in any treatment and counseling programs with all the
10 members of the DREAM-2 Executive Review Team. Treatment and other program
11 providers may also be present at DREAM-2 court appearances, at which they will discuss
12 your participation and progress with the DREAM-2 Judicial Officer in open court and in
13 the presence of all the members of the DREAM-2 Executive Review Team. To enable
14 treatment and other program providers to freely share information regarding your
15 participation and progress in substance abuse treatment and counseling programs and
16 other programs, you will be required to execute a waiver of confidentiality in the form
17 attached as Exhibit A.

### LIMITED USE OF STATEMENTS MADE DURING
### DREAM-2 PROGRAM APPEARANCES

20 Your complete candor with the DREAM-2 Executive Review Team and during
21 your DREAM-2 court appearances is expected throughout your participation in the
22 DREAM-2 program. To encourage your candor, the United States Attorney's Office has
23 agreed as follows:

24 (A) Except as otherwise provided in subparagraph (B) below, statements made
25 and documents and other information provided by you during and/or in
relation to all DREAM-2 program proceedings shall not be used

27 (i) against you in the government's case-in-chief in any future
proceedings;

(ii)     to file additional criminal charges against you, except as a basis for prosecution for perjury or making a false statement;

(iii)    to compel your cooperation against others,

or

(iv)     to determine the applicable sentencing guideline range if you are terminated from the DREAM-2 program.

(B)     Except as set forth in paragraph (A) above, the United States Attorney's Office may use

(i)      information derived directly or indirectly from DREAM-2 program statements for the purpose of obtaining and pursuing leads to other evidence, which evidence may be used for any purpose;

(ii)     DREAM-2 program statements and all evidence obtained directly or indirectly from DREAM-2 program statements to refute or counter at any stage of any DREAM-2 proceeding any evidence, argument, statement, or representation(s) offered by you or on your behalf in connection with that proceeding; or,

(iii)    for impeachment purposes in any future proceedings including sentencing.

The government's agreements above are limited to the United States Attorney's Office for the Western District of Washington and do not bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities. Moreover, the government's agreement in subparagraph A is limited to DREAM-2 program statements, including statements obtained during the requisite statement of culpability, and does not apply to any statements made or documents or other information provided by you before your participation in DREAM-2 or made after your termination from DREAM-2, whether oral, written, or recorded.

## DREAM-2 PROGRAM SUPERVISION VIOLATIONS AND SANCTIONS

DREAM-2 CONTRACT
*Xxxxx,* CRxx-xxxx RAJ - 5

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

The DREAM-2 program's Probation Officer is charged with overseeing your supervision and monitoring your compliance with treatment. In preparation for DREAM-2 court appearances, the DREAM-2 Probation Officer will prepare a DREAM-2 Progress Report for the DREAM-2 Judicial Officer and other members of the Executive Review Team. The report will inform the Court and the parties of your conduct on supervision.

The DREAM-2 program anticipates that you may struggle during treatment and noncompliant behavior, including relapse, will result in some level of sanctions. However, sanctions imposed are intended to help you succeed in the program. Sanctions may include, but are not limited to:

- Additional education or writing assignments (for example, write out an explanation for noncompliant behavior and describe a plan to correct it);

- Order to participate in community service as part of the DREAM-2 program;

- Judicial reprimand delivered during DREAM-2 court proceedings in front of other DREAM-2 program Participants;

- Order to return to DREAM-2 program proceedings to observe for a half or full day;

- Curfew restriction for up to 30 days;

- Increase in frequency of progress hearings before the DREAM-2 Judicial Officer;

- Order to complete a term of home confinement (with conditions that may include alcohol monitors and standard location monitoring with GPS);

- Order to complete a term of up to 30 days at a residential reentry center;

- Order to complete a term at a residential drug treatment facility;

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- Order to spend up to 7 days in jail[3]; and,

- Termination from DREAM-2 program.

Factors that will influence the type of sanction employed include the seriousness of the violation, the number of violations, and the amount of time you have remained compliant, either before a first violation, or between violations. In addition, an important factor will be whether you voluntarily disclose the violation. Dishonesty on your part will result in enhanced sanctions. Depending on these factors, any of the sanctions listed above, including termination from the DREAM-2 program, will be available to the DREAM-2 Judicial Officer. Additionally, if appropriate, any or all of the available sanctions may be ordered more than once during a participant's progress through the DREAM-2 program.

Sanctions imposed should be completed by your next DREAM-2 court appearance unless the DREAM-2 Judicial Officer allows you more time. You may also be required to report on performance of the sanction at your next DREAM-2 court appearance. Further, the DREAM-2 Probation Officer need not wait until your scheduled court appearance to address problems with supervision. If you fail to abide by directives of your Probation Officer, or if the Probation Officer believes that you have committed other violations of your supervision, the DREAM-2 Probation Officer has the discretion to: (1) contact you directly to address the violation; (2) reach a proposed method of addressing the violation through discussions with members of the Executive Review Team, including the DREAM-2 Judicial Officer; or (3) request the issuance of a warrant for your arrest by the DREAM-2 Judicial Officer.

---

[3] The 7-day limit applies only to orders for jail time and does not limit the DREAM-2 Judicial Officer's ability to order a longer period in home confinement, a residential reentry center, or a residential drug treatment facility. Nor does it limit the DREAM-2 Probation Officer's ability to place a participant in a residential reentry center for transitional purposes.

DREAM-2 CONTRACT
*Xxxxx*, CRxx-xxxx RAJ - 7

When expedited action is appropriate and the parties agree on the resolution, the agreed upon sanction or adjustment in treatment can be imposed through a modification without an appearance before the DREAM-2 Judicial Officer. But the Probation Officer's DREAM-2 Progress Report will inform the DREAM-2 Judicial Officer whether you properly completed the sanction or modification imposed. Failure to complete the ordered modification may result in additional sanctions, including, but not limited to, termination from the program.

If you wish to contest the violation(s) alleged, you may do so. A request for a hearing on whether you committed the alleged conduct will not automatically result in termination from the DREAM-2 program. The only issue at the hearing, however, is whether you committed the alleged conduct; it is not an opportunity for you to explain the conduct. The DREAM-2 Assistant Federal Public Defender will assist you at the hearing. And the DREAM-2 Judicial Officer will ultimately decide whether the allegation is true.

Finally, the DREAM-2 program is a voluntary program. Therefore, when faced with any sanction, you will always have the option of requesting termination from the DREAM-2 program. In that event, you would then proceed to sentencing before the DREAM-2 Judicial Officer.

## TERMINATION FROM THE DREAM-2 PROGRAM

Termination from the DREAM-2 program prior to successful completion of its requirements may be voluntary or involuntary. Cause for involuntary termination from the DREAM-2 program includes, but is not limited to, the commission of new crimes, repeated drug use, a chronic pattern of refusal to cooperate with a treatment or other program provider, and repeated refusals to cooperate with the DREAM-2 program's imposed sanctions or to meaningfully participate in the DREAM-2 program. Final decisions regarding involuntary termination from DREAM-2 will be made by the DREAM-2 Judicial Officer.

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1    In either case, whether you were involuntarily or voluntarily terminated from
2 further participating in DREAM-2, the case will be set for sentencing before the
3 DREAM-2 Judicial Officer and you may be detained unless the DREAM-2 Judicial
4 Officer finds that a condition or combination of conditions will reasonably assure your
5 appearance for sentencing and protect the community. The Government will not be
6 bound to make the reduced sentencing recommendation that your plea agreement would
7 have required had you successfully completed the DREAM-2 program and may instead
8 make the higher sentencing recommendation set forth in the plea agreement. The
9 DREAM-2 Judicial Officer may impose any term of imprisonment up to the statutory
10 maximum penalty authorized by law. Prior to sentencing, the DREAM-2 Judicial Officer
11 may order the production of a Presentence Report. At sentencing, the DREAM-2 Judicial
12 Officer may consider all conduct that has taken place during your participation in the
13 DREAM-2 program, including any failures, sanctions imposed, and successes achieved.

## GRADUATION AND BENEFITS

15    Your successful completion of the DREAM-2 program will be determined by the
16 DREAM-2 Judicial Officer and the other members of the Executive Review Team.
17 Successful completion of the program is subject to the minimum requirement that you
18 demonstrated at least six months of continuous sobriety immediately before the
19 scheduled graduation. Upon successful completion, the Government will make the
20 reduced sentencing recommendation set forth in the plea agreement.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

DREAM-2 CONTRACT
*Xxxxx*, CRxx-xxxx RAJ - 9

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# AGREEMENT TO PARTICIPATE

**Participant:**

I, xxxx, have read, or someone has read to me in the language I best understand, this Contract and the plea agreement that would be a condition of my participation in the DREAM-2 program. I have discussed this Contract and the plea agreement with my attorney, and I understand its terms. I have also discussed with my attorney the DREAM-2 program and I understand that program. I voluntarily agree to participate in the DREAM-2 program subject to the terms set forth in this Contract and the plea agreement. I understand I can revoke my voluntary participation in the DREAM-2 program at any time and have my criminal case set for sentencing before the DREAM-2 Judicial Officer.

_____          _____
xxxxxx                                    DATE


**DREAM-2 Assistant Federal Public Defender:**

I, xxxx, Assistant Federal Public Defender, representing the Participant in connection with the DREAM-2 program, have discussed the DREAM-2 program, the plea agreement that would be a condition of participation in the DREAM-2 program, and this Contract with the Participant and the Participant's attorney in the underlying criminal matter. I believe that the Participant understands the DREAM-2 program, the terms of the plea agreement that would be a condition of participation in the DREAM-2 program, and the terms of this Contract, and that the Participant's agreement to participate in the DREAM-2 program subject to the terms of this Contract and the plea agreement that would be a condition of participation in the DREAM-2 program is knowingly and voluntarily made.

_____          _____
xxxx                                      DATE
Assistant Federal Public Defender


**DREAM-2 Assistant United States Attorney:**

I, xxxx, an Assistant United States Attorney representing the United States Attorney's Office for the Western District of Washington in the DREAM-2 program, agree to the terms of this Contract on behalf of the U.S. Attorney's Office and accept the above-named Participant into the DREAM-2 program subject to the terms of this Contract and

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

the plea agreement that would be a condition of the Participant's participation in the DREAM-2 program.

_____          _____
xxxx                                  DATE
Assistant United States Attorney

**DREAM-2 Assistant United States Attorney:**

I, xxxx, an Assistant United States Attorney representing the United States Attorney's Office for the Western District of Washington in the DREAM-2 program, agree to the terms of this Contract on behalf of the U.S. Attorney's Office and accept the above-named Participant into the DREAM-2 program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the DREAM-2 program.

_____          _____
xxxx                                  DATE
Assistant United States Attorney

**DREAM-2 Probation Officer:**

I, xxxx, a Probation Officer assigned to the DREAM-2 program, accept the above-named Participant into the DREAM-2 program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the DREAM-2 program.

_____          _____
xxxx                                  DATE
U.S. Probation and Pretrial Services Office

DREAM-2 CONTRACT
*Xxxxx*, CRxx-xxxx RAJ - 11

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

**DREAM-2 Probation Officer:**

I, xxxx, a Probation Officer assigned to the DREAM-2 program, accept the above named Participant into the DREAM-2 program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the DREAM-2 program.

_____     _____
xxxx                                                          DATE
U.S. Probation and Pretrial Services Office


**DREAM-2 Judicial Officer:**

Subject to acceptance of the Participant's guilty pleas and plea agreement, the Court hereby accepts the above-named Participant into the DREAM-2 Program subject to the terms of this Contract and the plea agreement that would be a condition of the Participant's participation in the DREAM-2 program.

_____     _____
The Honorable RICHARD A. JONES                DATE
U.S. District Court Judge

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

# Exhibit A

## AUTHORIZATION TO RELEASE CONFIDENTIAL INFORMATION TO DREAM-2

I, _____, the undersigned, have voluntarily agreed to participate in the Western District of Washington's Drug Reentry Alternative Model 2 (DREAM-2) program. As part of my participation in the DREAM-2 program, I hereby authorize any and all substance abuse treatment and counseling and other programs to which I may be referred as part of the DREAM-2 program to release confidential information in their records, possession, or knowledge, of whatever nature may now exist or come to exist, to the following participants in the DREAM-2 program: (a) United States District Court for the Western District of Washington; (b) United States Pretrial Services and Probation Office for the Western District of Washington; (c) the Federal Public Defender's Office for the Western District of Washington; and (d) the United States Attorney's Office for the Western District of Washington (collectively, the DREAM-2 Executive Review Team).

The confidential information I hereby authorize to be released to the DREAM-2 Executive Review Team will include, without limitation: date of entrance to program; attendance records; urine testing results; type, frequency, and effectiveness of therapy (including psychotherapy notes); general adjustment to program rules; type and dosage of medication; response to treatment; test results (psychological, vocational, etc.); date of and reason for withdrawal from program; and prognosis.

I understand that, subject to any exceptions to confidentiality that may apply under federal or state law, the DREAM-2 Executive Review Team may use the confidential information hereby authorized to be released only in connection with their evaluation of my participation and progress in the DREAM-2 program and my compliance or non-compliance with the terms of my diversion, and their evaluation of the effectiveness of the DREAM-2 program as a whole. I also understand that this authorization will remain valid until my termination from the DREAM-2 program, whether successfully or unsuccessfully, at which time this authorization for disclosure of confidential information will expire. I understand, however, that confidential information disclosed pursuant to this authorization may subsequently be used by the United States District Court for the Western District of Washington and/or the United States Pretrial Services and Probation Office for the Western District of Washington, to initiate or support an action alleging a violation of the terms of my diversion and/or to prepare a Presentence Report, make a recommendation regarding sentencing, and determine the appropriate sentence, as a result of which the information may no longer be deemed confidential and may no longer be protected by federal or state law.

DREAM-2 CONTRACT EXHIBIT A –
*United States v xxxxx*, CRxxxxxx

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1   Finally, I understand that I have the right to revoke this authorization to release
2   confidential information, in writing, at any time by sending written notification to the
    United States Pretrial Services Officer assigned to supervise me while participating in the
3   DREAM-2 program. I understand that if I revoke this authorization to release
    confidential information, I will thereby revoke my authorization for further disclosure of
4   such information. I also understand that if I revoke this authorization to release
5   confidential information before I complete the DREAM-2 program, it may result in my
    termination from the DREAM-2 program and may be considered a violation of DREAM-
6   2 program rules or of a condition of my DREAM-2 contract.
7
8       I have read this authorization to release confidential information, have discussed it
    with my attorney, understand its terms, and by signing below agree to it.
9
10  *s/ XXXXXX*              XXXXXXXX
    APPLICANT               DATE
11
12  I am the attorney representing the individual signing this authorization to release
    confidential information in connection with the DREAM-2 program and have discussed
13  the terms of this authorization with this individual. I believe this individual understands
14  the terms of this authorization and that this individual's agreement to sign this
    authorization is knowingly and voluntarily made.
15
16  *s/ XXXXXX*              XXXXXXXX
                            DATE
17  Assistant Federal Public Defender
18
19
20
21
22
23
24
25
26
27
28

DREAM-2 CONTRACT EXHIBIT A –
*United States v xxxxx,* CRxxxxxx

UNITED STATES ATTORNEY
700 STEWART ST., SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970